IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| VIRGIN RECORDS AMERICA, INC., a California corporation; LOUD RECORDS, LLC, a Delaware corporation; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; ARISTA RECORDS LLC, a Delaware limited liability company; ATLANTIC RECORDING CORPORATION, a Delaware corporation; MOTOWN RECORD COMPANY, L.P., a California limited partnership; and UMG RECORDINGS, INC., a Delaware corporation<br><br>        Plaintiffs,<br><br>  v.<br><br>BRANDON BARNES,<br><br>        Defendant. | No. 1:06CV00987 |

DEFAULT JUDGMENT

This matter is currently before the Court on Plaintiffs' Motion for Default Judgment [Doc. # 11]. For the reasons set forth below, the Motion for Default Judgment [Doc. # 11] is GRANTED and Judgment shall be entered for the Plaintiffs in the amount of $5,670.00.

I.

Plaintiffs filed the Complaint in this action on November 14, 2006, asserting a cause of action for copyright infringement. Plaintiffs assert that Brandon Barnes,

1

"without the permission or consent of Plaintiffs, has used, and continues to use, an online media distribution system to download" certain copyrighted recordings, to distribute those recordings to the public, and/or to make the recordings available for distribution to others. [Doc. # 1 ¶ 15]. The copyrighted recordings at issue in this case are as follows: (1) "Who Do You Think You Are," on album <u>Spice</u>, by artist Spice Girls (SR# 201-276); (2) "The Realest," on album <u>Murda Muzik</u>, by artist Mobb Deep (SR# 293-229); (3) "Smooth Operator," on album <u>Diamond Life</u>, by artist Sade (SR# 69-105); (4) "Grindin'," on album <u>Lord Willin</u>, by artist Clipse (SR# 321-673); (5) "I'm a Thug," on album <u>Thugs Are Us</u>, by artist Trick Daddy (SR# 303-748); (6) "Young Love," on album <u>Irons in the Fire</u>, by artist Teena Marie (SR# 19-818); and (7) "Sweet Thing," on album <u>What's The 411?</u>, by artist Mary J. Blige (SR# 149-212).

Mr. Barnes has neither filed an Answer to the Complaint nor otherwise made an appearance in this matter. Upon motion of the Plaintiffs, default was entered by the Clerk on February 12, 2007. In the instant motion, Plaintiffs seek the entry of Default Judgment awarding statutory damages as well as injunctive relief.

II.

Default judgment is governed by Rule 55(b), which provides that "[w]hen the plaintiff's claim against a defendant is for a sum certain . . . the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been

2

defaulted for failure to appear and is not an infant or an incompetent person." Rule 55(b)(1). In circumstances where the sum is not certain or where there is evidence to suggest that the defendant was incompetent or an infant, Rule 55(b)(2) applies, requiring that default can only be made by a court.

In this case, Plaintiffs seek the minimum statutory damages of $750 per infringed work, as authorized under the Copyright Act (17 U.S.C. § 504(c)(1)), for each of the seven Recordings. For the infringement of the seven Recordings, Plaintiffs are entitled to the entry of Judgment in the total principal sum of $5,250.00. Plaintiffs also seek costs pursuant to Section 505 of the Copyright Act in the amount of $420.00

In addition, Defendant is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the copyrighted Recordings as well as in any other sound recording, whether now in existence or later created, that is owned or controlled by the Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs. Judgment shall be entered for Plaintiffs in the amount of $5,670.00.

Further, Defendant shall destroy all copies of Plaintiffs' Recordings that

3

Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control.

    This the 5th day of February, 2008.

                                          /s/ N. Carlton Tilley, Jr.
                                          United States District Judge

4

Case 1:06-cv-00987-NCT-PTS   Document 13   Filed 02/05/08   Page 4 of 4